UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY MITCHELL,

    *Plaintiff*,

v.

JERRY CLAYTON, MARK PTASZEK,
SHERRY WOODS, LIEUTENANT
CASEY, COMMANDER KUNNUTH,
LIEUTENANT GREENFIELD,
SERGEANT REISS, SERGEANT
GARCIA, SERGEANT WILLIAMS,
SERGEANT WEZNER, CARLA
WILSON, JANE DOE, and
JOHN DOE,

    *Defendants*.
_____/

CASE NO. 13-CV-11620

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT
(Doc. 10)

On April 10, 2013, Plaintiff Gary Mitchell, who at that time was confined at the Washtenaw County Jail in Ann Arbor, Michigan, filed a *pro se* prisoner civil rights complaint seeking money damages and injunctive relief under 42 U.S.C. § 1983. On August 9, 2013, U.S. District Judge David M. Lawson referred all pretrial matters to the undersigned magistrate judge. (Doc. 8.) Prior to referring the case, Judge Lawson dismissed two defendants and ordered that the amended complaint (Doc. 7) be served on the remaining defendants. (*Id.*) On October 11, 2013, while service was being accomplished, Plaintiff filed the Motion for Leave to File a Supplemental Complaint (Doc. 10) and a Proposed Supplemental Complaint, which was erroneously docketed as an Amended Complaint. (Doc. 22.) Defendants, through counsel,

filed their joint answer and affirmative defenses on October 30, 2013. (Doc. 23.) Defendants have not responded in opposition to Plaintiff's motion to supplement his complaint.

Rule 15 of the Federal Rules of Civil Procedure provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Therefore, a motion to supplement, as opposed to one to amend, seeks to add allegations pertaining to events arising after the original complaint was filed. *Murphy v. Grenier*, No. 07-15248-DT, 2009 WL 1044832, at *19 (E.D. Mich. Apr. 20, 2009). As such, Rule 15(d) contemplates that the supplemental factual allegations may give rise to new legal theories against new defendants. *See Griffin v. County Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227, 84 S. Ct. 1226, 12 L. Ed. 2d 256 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary.")

Further, given that Rule 15(d) covers post-suit conduct, it naturally follows that the supplemental claims need not arise out of the transaction or occurrence that gave rise to the original complaint. *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) ("The absence of a transactional test, which is an integral part of other Federal Rules of Civil Procedure, *see, e.g.*, Fed. R. Civ. P. 13(a), 14(a), and 20, is a strong indication that this test is not required."); *Hoyt v. Rogers*, No. 10-10262, 2011 WL 940350, at *4 (E.D. Mich. Mar. 16, 2011) ("Events that may be asserted in a supplemental pleading need not arise out of the same transaction or occurrence as the original claim . . . . " (internal quotation marks and citation omitted)). Still, there must be some connection between the claims as filed and the supplemental ones: "A supplemental pleading cannot be used to introduce a separate, distinct and new cause of

2

action." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008). Instead, "[t]here must be some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Imelmann v. Michigan Dep't of Corr.*, No. 12-10671, 2012 WL 2917514, at *1 (E.D. Mich. July 17, 2012).

In this case, Plaintiff's complaint alleges, among other claims, that Defendants Clayton, Ptaszek, and Woods are policy makers for the Washtenaw County Jail and that the jail policies violate Plaintiff's constitutional right to due process. Plaintiff claims that he was found guilty of misconduct following an incident where he was allegedly attacked by another inmate and his privileges were suspended without a hearing and without any opportunity for appeal. (Doc. 7.) In his proposed supplemental complaint, Plaintiff alleges that he was attacked by another inmate on September 3, 2013, and was charged with major misconduct for fighting. He alleges that his due process rights were violated when Sergeant Arnett conducted a hearing where Plaintiff was not read his rights, was not provided with any paperwork explaining the charge against him, was told he was not entitled to the witness statements relating to the incident, was found guilty, and was told he could appeal but then was refused the documents necessary to do so. (Doc. 22.)

The Court finds that Plaintiff has met the requirement that there be "some relationship or linkage between the claims asserted in the original complaint and the supplemental claims." *Imelmann*, 2012 WL 2917514, at *1.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 10) is **GRANTED**; the Clerk of Court is instructed to correct the title of Document 22 to reflect that it is the **SUPPLEMENTAL COMPLAINT**.

It is further **ORDERED** that the Clerk of Court add Defendant Sergeant Arnett to the case and issue a summons against Defendant Sergeant Arnett upon the request of Plaintiff. Plaintiff must complete service on Defendant Arnett in the manner specified and within the time allowed under Rule 4 of the Federal Rules of Civil Procedure.

It is further **ORDERED** that Defendants shall file an answer to the Supplemental Complaint within the time allowed by the Federal Rules of Civil Procedure, after which the Court will issue a scheduling order.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: January 16, 2014 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Thomas Wurst through the Court's CM/ECF system, and served by first class mail on Gary Mitchell, 2930 E. Magnolia Ave., Apt. 6, Knoxville, TN, 37917.

Date: January 16, 2014            By     s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder