# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GARY MITCHELL,

    *Plaintiff*,                   CASE NO. 13-CV-11620

v.                               DISTRICT JUDGE DAVID M. LAWSON
                                 MAGISTRATE JUDGE CHARLES E. BINDER
JERRY CLAYTON, *et al.*,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF and DISCOVERY
(Docs. 34, 38)

### I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motions be **DENIED**.

### II.  REPORT

#### A.  Background

Plaintiff Gary Mitchell was a state prisoner who was incarcerated at the Washtenaw County Jail and filed a *pro se* civil rights complaint alleging that his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution were violated by the named Defendants. (Compl., Doc. 1.)  Plaintiff filed a supplemental complaint on October 11, 2013. (Doc. 10.)  Defendants answered the supplemental complaint on October 30, 2013. (Doc. 23.)  On June 2, 2014, United States District Judge David M. Lawson referred all pretrial matters, including the instant motions for injunctive relief (doc. 34) and discovery (Doc. 38), to the undersigned magistrate judge. (Doc. 40.)

**B.     Analysis and Conclusions**

**1.     Motion for Injunctive Relief (Doc. 34)**

Plaintiff seeks injunctive relief to compel Defendants to install emergency call buttons in each cell, and to enjoin Defendants from "issuing any present and/or future prisoners and type of disciplinary write ups until the court establishes that prisoners are being given due process." (Doc. 34 at 1.) On December 16, 2013, Plaintiff filed a notice of change of address, indicating that he is no longer incarcerated and that he now lives in Knoxville, Tennessee. (Doc. 27.)

"A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility." *Parks v. Reans*, 510 F. App'x 414, 414 (6th Cir. 2013). Similarly, when an inmate is released, his request for injunctive relief is moot. *Sossamon v. Texas*, 131 S. Ct. 1651, 1669-70 (2011). I therefore suggest that Plaintiff's motion for injunctive relief be denied as moot.

**2.     Motion for Discovery (Doc. 38)**

Plaintiff's motion for discovery consists of a list of documents that he requests from the Defendants. (Doc. 38.) Such discovery requests must be served directly on a party, without filing such requests in court. Fed. R. Civ. P. 5(d)(1). *Pro se* litigants are not exempt from the procedural rules in civil litigation. *McNeil v. United States*, 508 U.S. 106, 113 (1993). I therefore recommend that Plaintiff's motion for discovery be denied.

2

3.     **Conclusion**

I therefore recommend that the Court deny Plaintiff's motion for injunctive relief (Doc. 34) as moot and that the Court further deny Plaintiff's motion for discovery. (Doc. 38.)

**III.     REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in

the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.


Date:  June 5, 2014                                         /S PATRICIA T. MORRIS
                                                            Patricia T. Morris
                                                            United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record, and served by first class mail on Gary Mitchell, #136296, 2930 E. Magnolia Ave., Apt. 6, Knoxville, TN, 37914-4519.

Date: June 5, 2014                     By       s/*Jean L. Broucek*
                                       Case Manager to Magistrate Judge Morris

4